Abbas Kazerounian, Esq. (249203)
ak@kazlg.com
Pamela E. Prescott, Esq. (328243)
pamela@kazlg.com
**KAZEROUNI LAW GROUP, APC**
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

[*Additional Counsel On Signature Page*]

*Attorneys for Plaintiff,*
Lucy Castaneda

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LUCY CASTANEDA,** Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>**FLAGSTAR BANK, FSB,**<br><br>Defendant. | Case No.:  5:20-cv-01400<br><br>**CLASS ACTION COMPLAINT FOR VIOLATIONS OF:**<br><br>1)  **UNFAIR COMPETITION LAW, CAL. BUS. & PROF. §§ 17200, *ET SEQ*.;**<br>2) **CONSUMER LEGAL REMEDIES ACT, CAL. CIVIL CODE §§ 1750, *ET SEQ.*;**<br>3) **BREACH OF CONTRACT; AND,**<br>4) **NEGLIGENCE.**<br><br>**JURY TRIAL DEMANDED** |

**INTRODUCTION**

1.    Plaintiff LUCY CASTANEDA ("Ms. Castaneda" or "Plaintiff"), individually and on behalf of all others similarly situated, brings this action for damages and injunctive relief, and any other available legal or equitable remedies, resulting from the unlawful practices and conduct of defendant FLAGSTAR BANK, FSB ("Flagstar" or "Defendant") in violation of: (1) California's Unfair Competition Law ("UCL"), Bus. & Prof. Code §§ 17200, *et seq*.; (2) California's Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750, *et seq*.; (3) Breach of Contract; and (4) Negligence.

2.    Specifically, Plaintiff brings this complaint for damages arising out of Defendant's conduct of knowingly and/or purposefully failing to properly disclose that Defendant failed to direct proper payment of consumers' homeowner's insurance when this service is expressly included on the consumers' monthly mortgage statements from Defendant.

3.    Plaintiff seeks restitution and an order requiring Defendant to purchase at its own expense retroactive insurance coverage for Plaintiff and the putative class.

4.    Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

5.    Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of the named Defendant.

**JURISDICTION AND VENUE**

6.    Jurisdiction is proper under 28 U.S.C. § 1332(d)(2)(A) because Plaintiff is a resident of the State of California, and therefore is a citizen of a state different from Defendant, a company incorporated in Michigan, with its principal place of business in Troy, Michigan. Plaintiff also seeks damages, which when aggregated

1  among a proposed class number in the thousands, exceeds the $5,000,000 threshold

2  for federal court jurisdiction. Therefore, both diversity jurisdiction and the damages

3  threshold under the Class Action Fairness Act of 2005 ("CAFA") are present, and

4  this Court has jurisdiction.

5      7.    This Court has personal jurisdiction over Defendant because Defendant

6  conducts business in the State of California. Therefore, Defendant has sufficient

7  minimum contacts with this state, and otherwise purposely avails itself of the

8  markets in this state through the promotion, sale, and marketing of its products in

9  this state, to render the exercise of jurisdiction by this Court permissible under

10 traditional notions of fair play and substantial justice.

11     8.    Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons:

12 (1) Plaintiff resides within this judicial district; (2) the conduct complained of herein

13 occurred within this judicial district; and (3) Defendant conducted business within

14 this judicial district at all times relevant.

15                                    **PARTIES**

16     9.    Plaintiff is an individual residing in the County of San Bernardino, State

17 of California.

18     10.   Upon information and belief, Plaintiff alleges that Defendant is a

19 corporation whose state of incorporation is Michigan and principal place of business

20 is in Troy, Michigan.

21     11.   Upon information and belief, Plaintiff further alleges that Defendant is

22 federal savings bank doing business throughout California. Part of Defendant's

23 mortgage services offerings to those who have a home mortgage with Defendant,

24 include the ability for the consumer to elect to have Defendant pay the consumer's

25 homeowner's insurance on the consumer's behalf.

26     12.   Upon information and belief, Defendant has assets of $26.8 billion and

27 is the fifth largest bank mortgage originator nationally, with 160 branches in

28 Michigan, Indiana, California, Wisconsin and Ohio.

CLASS ACTION COMPLAINT

13.    Upon information and belief, Defendant operates a wholesale network of approximately 2,350 third-party mortgage originators, handling recordkeeping for $225 billion in home loans.

14.    Plaintiff alleges that at all times relevant herein, Defendant conducted business in the State of California, in the County of San Bernardino, and within this judicial district.

### FACTUAL ALLEGATIONS

15.    Sometime prior to 2020, Plaintiff obtained a home mortgage loan from Defendant at a California Flagstar bank location.

16.    When obtaining the home mortgage loan, Plaintiff elected to participate in an additional service with Defendant where Defendant was to pay, among other things, Plaintiff's homeowner's insurance (approximately $60) each month on Plaintiff's behalf, held in escrow.

17.    Plaintiff's monthly home mortgage loan statements from Defendant expressly included fees to Defendant for Plaintiff's property taxes and homeowner's insurance.

18.    It was advertised and represented to Plaintiff, through various Flagstar bank statements and online advertisements, that a portion of Plaintiff's monthly payments to Defendant were placed in an Escrow Account.

19.    From there, it was further advertised and represented to Plaintiff that Defendant was withdrawing funds from the Escrow Account each month to pay Plaintiff's property taxes and homeowner's insurance premium on Plaintiff's behalf.

20.    This arrangement was memorialized by a written contract between Plaintiff and Defendant.

21.    At no point in time did Plaintiff have reason to believe that Defendant was not properly providing Plaintiff with these mortgage services.

22.    Sometime prior to April of 2020, Plaintiff's home was severely damaged by rain water, which caused numerous cracks to Plaintiff's roof.

23. As a result, Plaintiff's home became filled with damp walls and carpet, and mold began to grow on the walls of Plaintiff's living room.

24. In or around April 10, 2020, Plaintiff attempted to make a homeowner's insurance claim by contacting Plaintiff's insurance agent at One City Insurance Agency, Inc. ("One City").

25. To Plaintiff's surprise, the agent at One City informed Plaintiff that Plaintiff did not have an active homeowner's insurance policy.

26. Immediately thereafter, Plaintiff called Defendant to inquire about the status of her homeowner's insurance that Defendant previously represented to be paying on her behalf.

27. During this call, one of Defendant's employees informed Plaintiff that Plaintiff did not have a homeowner's insurance policy linked to her home mortgage loan with Flagstar.

28. As a result of Defendant's failure to provide Plaintiff with the agreed upon service of payment of Plaintiff's homeowner's insurance on Plaintiff's behalf, Plaintiff was denied the benefit of insurance and the benefit of Defendant's mortgage services.

29. Plaintiff had no reason to believe Defendant was not paying her homeowner's insurance when Plaintiff's monthly mortgage statements from Defendant explicitly include property taxes and homeowner's insurance, and Plaintiff elected to have Defendant pay these payments as an additional service with her home mortgage.

30. Plaintiff relied upon Defendant's representations regarding its mortgage service offerings, and Plaintiff reasonably expected that Defendant was paying Plaintiff's homeowner's insurance on her behalf as part of this service.

31. Plaintiff further relied on Defendant's false and deceptive representations and marketing in deciding to select Defendant as her home mortgage lender.

32.    Defendant owed Plaintiff a duty to exercise due care in providing Plaintiff with mortgage services, including ensuring payment was made on Plaintiff's homeowner's insurance plan each month.

33.    Upon information and belief, Plaintiff's homeowner's insurance lapsed due to Defendant's failure to send payment to the proper business address for One City.

34.    Defendant breached its duty to Plaintiff by failing to make one or more agreed-upon payments to Plaintiff's homeowner's insurance plan.

35.    As a result, Plaintiff has suffered temporarily loss of homeowner's insurance coverage because of Defendant's conduct or omissions.

36.    Had Plaintiff been aware that Defendant would not make all timely payment of Plaintiff's homeowner's insurance directed to the proper payment address, Plaintiff would not have obtained a mortgage with Defendant and would not have elected to have Defendant pay Plaintiff's homeowner's insurance on Plaintiff's behalf.

37.    As a result of Defendant's unfair and unlawful business practices, Plaintiff and others similarly situated consumers paid Defendant for mortgage service offerings, namely to have Defendant pay their homeowner's insurance on their behalf, and did not receive the benefits or full benefits this service.

38.    Active homeowner's insurance coverage has actual monetary value in and of itself, regardless of whether it is utilized in terms of making an insurance claim.

39.    After receiving Plaintiff's pre-litigation demand letter on or about May 4, 2020, Defendant offered to purchase retroactive insurance coverage for Plaintiff. However, to date Plaintiff has yet to receive the benefits of this alleged "retroactive insurance plan" because Plaintiff has not been provided with any funds to repair the damage to Plaintiff's residential property.

CLASS ACTION COMPLAINT

40.     This action seeks, among other things, damages and injunctive relief as a result of the misconduct alleged herein.

**CLASS ACTION ALLEGATIONS**

41.     Plaintiff brings this action on behalf of Plaintiff and all others similarly situated (the "Class").

42.     Plaintiff represents, and is a member of, the Class, pursuant to Fed. R. Civ. P. 23(b)(2) and/or (b)(3), which is defined as follows:

> All persons with a mortgage loan serviced by Defendant on a residential property in California who paid Defendant money to hold in escrow for the payment of homeowner's insurance within four years prior to filing this Complaint.

43.     Excluded from the Class are: (1) Defendant, any entity or division in which Defendant has a controlling interest, and their legal representatives, officers, directors, assigns, and successors; (2) the Judge to whom this case is assigned and the Judge's staff; and (3) those persons who have suffered personal injuries as a result of the facts alleged herein.

44.     Plaintiff reserves the right to redefine the Class, including but not limited to expanding the class definition and adding one or more subclasses as appropriate based on discovery and specific theories of liability.

45.     The Class that Plaintiff seeks to represent contains numerous members and is clearly ascertainable including, without limitation, by using Defendant's records to determine the size of the Class and to determine the identities of individual Class members.

**Numerosity**

46.     The Class members are so numerous that joinder of all members would be unfeasible and impractical. The membership of the Class is currently unknown to Plaintiff at this time. However, on information and belief, Defendant currently services thousands (if not more) of home mortgage loans throughout California

where Defendant agreed to pay the homeowner's insurance on the consumer's behalf. The disposition of their claims in a class action will provide substantial benefits to the parties and the Court.

**Commonality**

47.  There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class members.   Those common questions of law and fact include, without limitation, the following:

a) Whether Defendant advertised that is was paying consumers' homeowner's insurance on their behalf;

b) Whether Plaintiff and the Class members elected to have Defendant pay homeowner's insurance in escrow;

c) Whether Defendant made consumers' homeowner's insurance payments to the proper payment address;

d) Whether Plaintiff and the Class member's homeowner's insurance lapsed due to non-payment by Defendant;

e) Whether Defendant's conduct violates California Civil Code §§ 1750, *et seq*.;

f) Whether Defendant's conduct is an unfair or unlawful act or practice within the meaning of California Business & Professions Code §§ 17200, *et seq*.;

g) Whether Defendant's advertising is unfair within the meaning of California Business & Professions Code §§ 17200, *et seq*.;

h) Whether Defendant, through its conduct, received money that, in equity and good conscience, belongs to the Plaintiff and members of the Class; and,

i) Whether the Plaintiff and Class members are entitled to equitable relief, including but not limited to injunctive relief as sought herein.

CLASS ACTION COMPLAINT

**Typicality**

48.     Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class member with whom they are similarly situated, and Plaintiff's claims (or defenses, if any) are typical of all Class members' as demonstrated herein.

49.     Plaintiff represents and is a Class member of the Class because  Plaintiff paid Defendant money each month to have Defendant pay Plaintiff's homeowner's insurance on Plaintiff's behalf, and Defendant failed to provide this service on one or more occasions causing a lapse in homeowner's insurance coverage. Consequently, the claims of Plaintiff are typical of the claims of Class members and Plaintiff's interests are consistent with and not antagonistic to those of the other Class members Plaintiff seeks to represent.

50.     Plaintiff and all members of the Class have been impacted by, and face continuing harm arising out of, Defendant's violations or misconduct as alleged herein.

**Adequacy**

51.     Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class member with whom Plaintiff is similarly situated, as demonstrated herein. Plaintiff acknowledges that Plaintiff has an obligation to make known to the Court any relationship, conflicts, or differences with any Class member. Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement. In addition, the proposed class counsel is experienced in handling claims involving consumer actions and violations of the causes of action asserted. Plaintiff has incurred, and throughout the duration of this action, will continue to incur costs and attorneys' fees that have been, are, and will be, necessarily expended for the prosecution of this action for the substantial benefit of each Class member.  Neither Plaintiff nor Plaintiff's counsel have any interests adverse to those of the other Class members.

**Predominance**

52.    Questions of law or fact common to the members of the Class predominate over any questions affecting only individual members of the class. The elements of the legal claims brought by Plaintiff and members of the Class are capable of proof at trial through evidence that is common to the class rather than individual to its members.

**Superiority**

53.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all Class members is impracticable and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class.  Even if every individual Class member could afford individual litigation, the court system could not.  It would be unduly burdensome to the courts if individual litigation of the numerous cases were to be required.

54.    Individualized litigation also would present the potential for varying, inconsistent, or contradictory judgments, and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues.  By contrast, conducting this action as a class action will present fewer management difficulties, conserve the resources of the parties and the court system, and protect the rights of each Class member.  Further, it will prevent the very real harm that would be suffered by numerous Class members who will be unable to enforce individual claims of this size on their own, and by Defendant's competitors, who will be placed at a competitive disadvantage because they chose to obey the law.  Plaintiff anticipates no difficulty in the management of this case as a class action.

55.    The prosecution of separate actions by individual Class members may create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other Class members not parties to those

- 9 -

adjudications, or that would otherwise substantially impair or impede the ability of those non-party Class members to protect their interests.

56.    The prosecution of individual actions by Class members would establish inconsistent standards of conduct for Defendant.

57.    Defendant has acted or refused to act in ways generally applicable to the Class, thereby making appropriate final and injunctive relief or corresponding declaratory relief with regard to members of the Class as a whole. Likewise, Defendant's conduct as described above is unlawful, is capable of repetition, and will continue unless restrained and enjoined by the Court.

58.    The Class may also be certified because:

    a)    the prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudication with respect to individual Class members, which would establish incompatible standards of conduct for Defendants;

    b)    the prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and,

    c)    Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final and injunctive relief with respect to the members of the Class as a whole.

59.    This suit seeks only damages for lapse of insurance coverage, statutory damages and injunctive relief on behalf of Plaintiff and the Class, and it expressly is not intended to request any recovery for property damage and claims related thereto.

//

//

//

**FIRST CAUSE OF ACTION**

**VIOLATION OF CAL. BUS. & PROF. CODE §§ 17200, *ET SEQ.***

**[CALIFORNIA'S UNFAIR COMPETITION LAW ("UCL")]**

60.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

61.    Plaintiff and Defendant are each "person[s]" as defined by California Business & Professional Code § 17201.

62.    California Business & Professional Code § 17204 authorizes a private right of action on both an individual and representative basis.

63.    "Unfair competition" is defined by Business and Professions Code Section § 17200 as encompassing several types of business "wrongs": (1) an "unlawful" business act or practice, (2) an "unfair" business act or practice, (3) a "fraudulent" business act or practice, and (4) "unfair, deceptive, untrue or misleading advertising." The definitions in § 17200 are drafted in the disjunctive, meaning that each of these "wrongs" operates independently from the others.

64.    By and through Defendant's conduct alleged in further detail above and herein, Defendant engaged in conduct that constitutes (a) unlawful and (b) unfair business practices prohibited by Bus. & Prof. Code § 17200 *et seq*.

***(a) Unlawful" Prong***

65.    Defendant has committed acts of unfair competition, including those described above, by engaging in a pattern of "unlawful" business practices, within the meaning of Business & Professional Code §§ 17200, *et seq*., by accepting funds for mortgage services not provided in violation of California's Consumers Legal Remedies Act, Civil Code § 1750, *et seq*.

66.    Specifically, Defendant violated the above-referenced statute by continuing to mislead by knowingly and/or purposefully failing to properly disclose that it is not properly addressing payment of Plaintiff's and Class member's homeowner's insurance when this service is expressly included on a the consumers'

monthly mortgage statement from Defendant.

67.    Defendant had other reasonably available alternatives to further its business interests, other than the unlawful conduct described herein, such as appropriately notifying Plaintiff and Class member that their homeowner's insurance was not paid by Defendant and paying for retroactive coverage.

68.    Plaintiff and Class members reserve the right to allege other violations of law, which constitute other unlawful business practices or acts, as such conduct is ongoing and continues to this date.

### *(b) "Unfair" Prong*

69.    Beginning on a date unknown to Plaintiff at this time, Defendant has committed acts of unfair competition as prohibited by Bus. & Prof. Code §§ 17200, *et seq*.

70.    Defendant's actions and representations constitute an "unfair" business act or practice under Business & Professions Code §17200, *et seq*. in that Defendant's conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct.

71.    Without limitation, it is an unfair business act or practice for Defendant to knowingly or negligently represent to Plaintiff and Class members that Defendant is paying their homeowner's insurance, when Defendant is not making such payments.

72.    Such conduct by Defendant is "unfair" because it offends established public policy and/or is immoral, unethical, oppressive, unscrupulous and/or substantially injurious to consumers in that consumers are led to believe that Defendant is providing a service and/or benefit to consumers when it is not.

73.    Plaintiff could not have reasonably avoided the injury suffered. Indeed, immediately after Plaintiff was on notice of the absence of Plaintiff's insurance coverage, Plaintiff urgently contacted Defendant.

74.    Plaintiff reserves the right to allege further conduct that constitutes other unfair business acts or practices.  Such conduct is ongoing and continues to this date, as Defendant continues to refuse to provide students with tuition refunds.

**SECOND CAUSE OF ACTION**

**VIOLATION OF CAL. CIV. CODE §§ 1750, *ET SEQ.***

**[CALIFORNIA CONSUMERS LEGAL REMEDIES ACT ("CLRA")]**

75.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

76.    The Consumers Legal Remedies Act ("CLRA") applies to Defendant's actions and conduct as described herein because it extends to transactions that are intended to result, or which have resulted, in the sale of goods or services to consumers.

77.    Defendant is a "person" as defined by Cal. Civ. Code § 1761(c).

78.    Plaintiff and each member of the Class are "consumers" as defined by Cal. Civ. Code § 1761(a).

79.    Defendant's mortgage services, which allows consumers to obtain homeowner's insurance for a mortgage is a "service" within the meaning of Cal. Civ. Code § 1761(b)

80.    On May 4, 2020, Defendant received Plaintiff's written notice and demand for cure of pursuant California Civil Code § 1782 of the CLRA; however, Defendant has not remedied for Plaintiff's harm and offered no relief or cure for Class members.

81.    Attached hereto as Exhibit A is a declaration of Plaintiff pursuant to Cal. Civ. Code § 1780(d).

82.    As described herein, Defendant has engaged in deceptive practices, unlawful methods of competition, and/or unfair acts as defined by Cal. Civ. Code §§ 1750 *et seq.*, to the detriment of Plaintiff and the Class.

83.    Defendant, acting with knowledge, intentionally, and unlawfully

brought harm upon Plaintiff and the Class by representing that Defendant was paying the homeowner's insurance of Plaintiff and Class members, when in fact Defendant was not.

84.    Specifically, by not providing Plaintiff and Class members with the agreed upon mortgage services, Defendant violated Cal. Civ. Code § 1750 in at least the following respects:

a) In violation of § 1770(a)(5), by representing that Defendant's mortgage services have characteristics, uses, or benefits that it does not have;

b) In violation of § 1770(a)(8), by Defendant disparaging the goods, services, or business of another by false or misleading representation of fact;

c) In violation of § 1770(a)(14), by representing that payment to Defendant for its mortgage services confers or involves rights, remedies, or obligations that it does not have or involve, or that are prohibited by law; and,

d) In violation of § 1770(a)(16), by representing that Defendant's mortgage services had been provided to those who paid Defendant to pay their homeowner's insurance when it has not.

85.    The facts concealed or not disclosed by Defendant to Plaintiff and the Class, including that Defendant did not to provide its agreed upon mortgage services by failing to pay their homeowner's insurance, are material in that a reasonable consumer would have considered them to be important in deciding whether or not to pay to select Defendant as a mortgage servicer.

86.    Plaintiff and Class members reasonably relied upon Defendant's representations regarding Defendant's mortgage service offerings, and Plaintiff and the Class reasonably expected that their homeowner's insurance was being paid each month by Defendant.

CLASS ACTION COMPLAINT

87.    Through the omissions detailed herein, Defendant wrongfully induced Plaintiff and the other members of the Class to pay Defendant for mortgage service offerings when they otherwise would not have paid it if they knew Defendant would fail to pay their homeowner's insurance.

88.    As a direct and proximate result of Defendant's violations of Cal. Civ. Code §§ 1750, *et seq*., Plaintiff and each Class member have suffered harm in the form of paying monies to Defendant for mortgage services when they otherwise would not have paid for it if they knew Defendant would not pay their homeowner's insurance on their behalf.

89.    Under Cal. Civ. Code § 1780(a) and (b), Plaintiff, individually and on behalf of the Class, seeks an injunction requiring Defendants to cease and desist the illegal conduct alleged in this Complaint, and all other appropriate remedies for its violations of the CLRA.

### THIRD CAUSE OF ACTION

### BREACH OF CONTRACT

90.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

91.    Plaintiff and Class members entered into a contract with Defendant for their home mortgages and accompanying mortgage services, including Defendant's payment of Plaintiff's and Class members' homeowner's insurance.

92.    Plaintiff and Class members fulfilled their obligations pursuant to the contract by paying for said mortgage services.

93.    Defendant breached the terms of the contract by failing to make the agreed upon monthly payments on Plaintiff's and Class members' homeowner's insurance.

94.    Defendant's breach cause Plaintiff and Class members harm.

95.    Defendant's breach was the direct cause of Plaintiff's and Class members' harm.

**FOURTH CAUSE OF ACTION**

**NEGLIGENCE**

96.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

97.    Defendants owed a duty to Plaintiff to exercise due care in the operation of Defendant's business and servicing the home mortgages of Plaintiff and Class members.

98.    Specifically, Defendant was required to exercise due care in providing Plaintiff and Class members with mortgage services, including making timely payments on Plaintiff's and Class members' homeowner's insurance policies.

99.    Defendant breached its duty to Plaintiff and Class members by failing to make the agreed upon payments on Plaintiff's and Class members' homeowner's insurance policies.

100.    As a direct and proximate result of Defendant's breach of its duty, Plaintiff and Class members has suffered and will suffer injury, including but not limited to loss of the benefit of insurance coverage, and loss of the benefit of Defendant's mortgage service offerings.

101.    As a direct and proximate result of Defendant's breach of its duty, Plaintiff and Class members have suffered and will continue to suffer other forms of injury and/or harm, and other economic and non-economic losses.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself and members of the Class, prays for the following relief:

- That this action be certified as a Class Action, establishing the Class and any appropriate sub-classes that the Court may deem appropriate;

- Appointing Plaintiff as the representative of the Class;

- Appointing the law firms representing Plaintiff as Class Counsel;

- That the Court find and declare that Defendant has violated the UCL and committed unfair, unlawful, and/or deceptive business practices;

- An order requiring Defendant to pay restitution to Plaintiff and the Class due to Defendant's UCL violations, pursuant to Cal. Bus. & Prof. Code §§ 17200-17205 in the amount of their monthly homeowner's insurance policy;

- An order requiring imposition of a constructive trust and and/or disgorgement of Defendant's ill-gotten gains and to pay restitution to Plaintiff and all members of the Class and to restore to Plaintiff and members of the Class all funds acquired by means of any act or practice declared by this court to be an unlawful, fraudulent, or unfair business act or practice, in violation of laws, statutes or regulations, or constituting unfair competition;

- Injunctive relief requiring Defendant to provide refunds for payments towards homeowner's insurance pursuant to Bus. & Prof. Code § 17203, and/or injunctive relief pursuant to Cal. Civ. Code § 1780(a);

- An Order enjoining Defendant from continuing the wrongful conduct alleged herein and be required to comply with all applicable laws;

- Actual damages (excluding damages to property);

- Compensatory damages (excluding damages to property);

- Punitive damages;

- Costs of suit;

- An award of reasonable attorneys' fees for Plaintiff and the Class pursuant to Code of Civil Procedure § 1021.5, and California Civil Code § 1780, and/or any other applicable law; and,

- Any and all other relief as this Court may deem necessary or appropriate.

//
//

CLASS ACTION COMPLAINT

1

**JURY DEMAND**

2          102.   Pursuant to the Seventh Amendment to the Constitution of the United

3    States of America, Plaintiff is entitled to, and demands, a trial by jury.

4

5    Dated: July 15, 2020                          **KAZEROUNI LAW GROUP, APC**

6
                                                   By: _/s/Abbas Kazerounian_____
7                                                       Abbas Kazerounian, Esq.
                                                       *Attorney for Plaintiff*
8

9

10   **Additional Plaintiff's Counsel**
     Jason A. Ibey, Esq. (284607)
11   jason@kazlg.com
12   **KAZEROUNI LAW GROUP, APC**
     321 N Mall Drive, Suite R108
13   St. George, Utah 84790
     Telephone: (800) 400-6806
14   Facsimile: (800) 520-5523
15
     Todd M. Friedman (SBN: 216752)
16   tfriedman@ toddflaw.com
     Thomas E. Wheeler (SBN: 308789)
17   twheeler@toddflaw.com
18   **LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
19   21550 Oxnard St., Suite 780
     Woodland Hills, CA 91367
20   Telephone: (877) 206-4741
21   Facsimile:  (866) 633-0228

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT

# Exhibit A

Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
Meghan E. George (SBN 274525)
Thomas E. Wheeler (SBN 308789)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21550 Oxnard St. Suite 780,
Woodland Hills, CA 91367
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
mgeorge@toddflaw.com
twheeler@toddflaw.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LUCY CASTANEDA,** | **Case No.:** |
| **Individually and On Behalf of All Others Similarly Situated,** | **CONSUMER LEGAL REMEDIES ACT VENUE AFFIDAVIT; CCP § 1780** |
| **Plaintiff,** | |
| **v.** | |
| **FLAGSTAR BANK, FSB,** | |
| **Defendant.** | |

I, Lucy Castaneda, declare and state as follows:

1. I am the plaintiff in this matter, and specifically have brought a claim for Violations of the Consumer Legal Remedies Act.

2. The defendant to this cause of action, Flagstar Bank, FSB was doing business in Riverside County, California and within this District, namely,

- 1 -

1    because it maintains a physical bank branch in Riverside, California and

2    Plaintiff's home for which it provided a mortgage and insurance is in

3

4    Rialto, California.

5    3. Accordingly, Riverside, California and the Central District of California

6

7    are a proper place for trial in this action.

8

9    I declare under penalty of perjury under the laws of the State of California that

10

11   the foregoing is true and correct.

12   Executed 24th day of June, 2020, at Rialto, California.

13

14

15

16   Lucy Castaneda

17

18

19

20

21

22

23

24

25

26

27

28

- 2 -